**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00837-REB-BNB

TERRY A. JANKE, and
MICHELE JANKE,

    Plaintiffs,

v.

DONALD BROOKS ,
NORMANDY BROOKS, individuals d/b/a B&T Custom Rod & Restoration, and
B&T AUTOMOTIVE, INC., a Nevada corporation,

    Defendants.

**ORDER SUSTAINING DEFENDANTS' OBJECTIONS TO
PLAINTIFFS' DEPOSITION TESTIMONY DESIGNATIONS OF
CHRIS COLLINGSWOOD AND TANIA BROOKS**

**Blackburn, J.**

The matters before me are (1) **Defendants' Objection to Plaintiffs' Deposition Testimony Designation of Tania Brooks** [#98][1] filed May 8, 2012; and (2) **Defendants' Objection to Plaintiffs' Deposition Testimony Designation of Chris Collingswood** [#98] filed May 8, 2012.  I sustain the objections and strike the subject deposition designations.

The designations are both procedurally and substantively flawed.  Pursuant to this court's Civil Practice Standards, "[i]nitial designations of deposition testimony shall be made not later than 45 days before trial."  **REB Civ. Practice Standard** III.C.3.

---

[1] "[#98]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

Plaintiffs' designations were filed inexplicably 31 days prior to the commencement of trial. No leave of court was sought for the belated filing, and no good cause – indeed, no cause at all – is apparent or has been shown for filing these designations more than two weeks beyond the clearly established deadline.[2] The designations may be stricken on this basis alone.[3]

Substantively, the way in which the designations are organized and presented – and concomitantly, the way in which plaintiffs presumably intend to present the testimony at trial – is highly prejudicial. Rather than designating the testimony by page and line chronologically as it was given during the deposition, plaintiffs have created topic headings under which they have grouped by subject matter snippets of testimony from various points in the depositions. Relatedly, many of the designations are no more than portions of the witness's answer, or simply an answer without the question that precipitated it. This desultory cobbling together of bits and pieces of testimony from here and there in the depositions and without the full context of the question and answer clearly has the potential to be misleading and to foster confusion. For this reason, too, the designations should be stricken.

I have considered, but rejected, the use of Fed. R. Evid. 106 – the rule of completeness – as a possible means to effectively extenuate the prejudicial and

---

[2] Both Ms. Brooks's and Mr. Collingswood's depositions were taken in November 2011, well in advance of the deadline.

[3] Defendants' counter designations, however, will not be stricken. My Civil Practice Standards clearly keys the timing of the filing of counter designations to the filing of the designations. Of course, the Practice Standard assumes that the original designations will be timely filed. When they are not, as here, a party who submits its counter designations within the time contemplated by the Practice Standard is not in violation thereof, regardless that the counter designations were not filed at least 30 days before trial.

confusing consequences of such a presentation. The probativity of this disjointed presentation is substantially outweighed by the dangers of unfair prejudice and undue delay in providing the complete and proper context for the evidentiary excerpts selected by plaintiffs. *See* Fed. R. Evid. 403 and 611(a)(2). Thus, I exercise my discretion under Fed. R. Evid 611(a)(1) to strike the designations.

    **THEREFORE, IT IS ORDERED** as follows:

    1. That **Defendants' Objection to Plaintiffs' Deposition Testimony Designation of Tania Brooks** [#98], filed May 8, 2012, is **SUSTAINED**;

    2. That the objections stated in **Defendants' Objection to Plaintiffs' Deposition Testimony Designation of Chris Collingswood** [#98] filed May 8, 2012, are **SUSTAINED**;

    3. That **Plaintiff's** [*sic*] **Identification of Portions of the Deposition Testimony by Tania Brooks for Use at Trial** [#85] filed April 20, 2012, is **STRICKEN**; and

    4. That **Plaintiff's** [*sic*] **Identification of Portions of the Deposition Testimony by Chris Collingswood for Use at Trial** [#86] filed April 20, 2012, is **STRICKEN**.

    Dated May 16, 2012, at Denver, Colorado.

                                   **BY THE COURT:**

                                   */s/ Robert E. Blackburn*
                                   Robert E. Blackburn
                                   United States District Judge