**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00837-REB-BNB

TERRY A. JANKE, and
MICHELE JANKE,

    Plaintiffs,

v.

DONALD BROOKS ,
NORMANDY BROOKS, individuals d/b/a B&T Custom Rod & Restoration, and
B&T AUTOMOTIVE, INC., a Nevada corporation,

    Defendants.

**ORDER RE: DEFENDANTS' OBJECTIONS AND
MOTION IN LIMINE RE EVIDENCE OR CONTINUING REPAIRS**

**Blackburn, J.**

The matter before me is **Defendants' Objections and Motion in Limine Re Evidence of Continuing Repairs** [#78][1] filed March 29, 2012. I grant the motion in part, deny it in part, and deny it as moot in part.

In September and October 2011, defendants took the depositions of plaintiffs' designated expert witnesses, including Bradley Aregood, of R-Goods Auto Works, Inc. ("R-Goods"), and Nate Oettinger, of Auto-Weave Upholstery ("Auto-Weave"). The discovery cut-off was December 30, 2011. On March 16, 2012, the day before the Final Pretrial Conference, defendants received a packet of documents from plaintiffs designated as supplemental Rule 26(e) disclosures. Included in that submission were

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

22 invoices from R-Goods dated August 2011 through February 2011 and two invoices from Auto-Weave dated January 2011.[2]  Included also was a diagram of the chassis of the 1957 Chevy Nomad that is at issue in this case, with measurements and notes made by Mr. Aregood during an inspection of the vehicle on February 16, 2012.[3]

Although defendants timely objected at the Pretrial Conference, the documents were added to the Exhibit List appended to the proposed Final Pretrial Order.[4] Defendants argue that plaintiffs late production of these invoices and other papers, under the guise of "supplementation" of their expert witnesses' opinions, violates Rule 26(e) and the principles of fundamental fairness that underlie it.

Pursuant to Rule 37(c),

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

**FED. R. CIV. P.** 37(c)(1).  I have broad discretion in determining whether a violation of a party's obligations under Rule 26 are justified or harmless.  ***Woodworker's Supply Inc. v. Principal Mutual Life Insurance Co.***, 170 F.3d 985, 993 (10th Cir. 1999).  Although I need not make explicit findings concerning the matter, the following factors guide my

---

[2] Exhibits submitted in connection with plaintiffs' third designated expert witness, Donny Seyfer, of Seyfer Automotive, Inc., are merely summaries of documents already produced and are not challenged in this motion. (**See Final Pretrial Order App.**, Joint Exh. List, Tr. Exh. #20 (trial documents designated J20151-J20153).)

[3] This inspection occurred pursuant to an order granting **Defendants' Motion To Compel Responses to Second Set of Discovery Requests** [#52] filed December 30, 2011.  (**See Order** [#57] filed January 30, 2012.)

[4] The R-Goods invoices are designated as Trial Exhibit 17, the Auto-Weave invoices are designated as Trial Exhibit 21, and the pages comprising the diagram prepared by Mr. Aregood are designated as Trial Exhibits 15 and 16.

discretion:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* Also, I am guided by a recognition that Rule 26(e) is designed to "permit[] supplemental reports only for the narrow purpose for correcting inaccuracies or adding information that was not available at the time of the initial report," and not to rectify "omission[s] because the expert did an inadequate or incomplete preparation." *S.E.C. v. Nacchio*, 2008 WL 4587240 at *3 n.3 (D. Colo. Oct. 15, 2008) (citation omitted).

Having considered the apposite factors and caselaw applying them, as well as the arguments advanced and authorities cited in the motion, response, and reply, I find and conclude that much of the information contained in plaintiffs' March 2012 disclosure is not proper supplementation under Rule 26(e).[5] Most notably, although the invoices produced by Mr. Oettinger are dated January 2011, he failed to bring these – or any – responsive documents to his deposition in October 2011.[6] As the record currently stands, therefore, none of these documents, nor any testimony related thereto, will be permitted at trial.

Likewise, it appears that, with the exception of an invoice dated August 31, 2011, and designatedJ20121, the remaining R-Goods invoices were generated after the dates of Mr. Aregood's deposition. Plaintiffs offer no substantiation for their bald

---

[5] I deny the motion as moot to the extent it contests future production of further invoices, as plaintiffs appear to have conceded that no further invoices or documents will be produced.

[6] Plaintiffs provide no substantiation for their bare assertion that these invoices have been produced previously to defendants.

3

assertion that some of these documents were disclosed prior to the discovery cut-off. Thus, barring further positive proof of disclosure of these records prior to March 16, 2012, these documents and any testimony related to the damages claimed therein also will be excluded from trial.

Finally, the diagram and notes prepared by Mr. Aregood during the visual inspection on February 16, 2012, will not be permitted to be introduced at trial. The presence of defense counsel at this inspection is neither here nor there. A diagram was not part of the materials requested by defendants' motion to compel pursuant to which the inspection took place. Moreover, the diagram includes notes which appear to constitute expert opinions on alleged defects in the car's chassis not previously offered by Mr. Aregood, perhaps because he was designated as an expert on paint and body work.

**THEREFORE, IT IS ORDERED** as follows:

1. **Defendants' Objections and Motion in Limine Re Evidence of Continuing Repairs** [#78] filed March 29, 2012, is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows:

a. That the motion is **DENIED** with respect to the invoice from R-Goods Autoworks, Inc., dated August 31, 2011, and designated on the Joint Exhibit List appended to the Final Pretrial Order as J20121;

b. That the motion is **DENIED AS MOOT** insofar as it expresses concerns about the future production of additional invoices and documents; and

c. That in all other respects, the motion is **GRANTED**;

2. That Trial Exhibits 15, 16, and 21, and any portions thereof contained in Trial Exhibits 17, 18 and 22, are **EXCLUDED** for now from the trial of this case and shall not be offered in evidence before the jury unless for proper impeachment or pending further order of court.

Dated May 16, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge